WM. B. KOHLMAN          :          NO. 8589.

vs.          :          COURT OF APPEAL FOR

E. J. HART & CO., LTD.          :          THE PARISH OF ORLEANS.

WILLIAM A. BELL, JUDGE

January 22, 1923.

311

WILLIAM A. BELL, JUDGE.

This is a suit by plaintiff as lessor of commercial Nos. 508-510 Chartres Street in this city under written lease. Amount claimed is for three months rent, represented by three rent notes for $75.00 each, which notes bear interest at 8%. The written lease also provides that in case it should become necessary to place the claim arising from said lease in the hands of an attorney for collection, lessee should pay as counsel fees an additional sum of 10%. The lease began on the 1st of October, 1921 and the lessee paid monthly rent as it became due, but finally refused to pay the rent for the months sued upon, to-wit: January, February and March of 1921 for the reason that lessee claimed that the roof of the leased premises, particularly the main building leaked to such an extent that it was necessary after putting the lessor in default to have the roof on said building as well as of the out-building on said premises renewed at the cost of $224.00 or $1 less than the total rent for the three months above stated. When sued for the unpaid rent, defendant answered by admitting the lease and its liability there under but denied liability for the amount sued upon, claiming that because of the forced repairs after putting the lessor in default, and because of the lessee having paid for said repairs there was nothing due to the lessee except $1 which was tendered to lessor or his agent, but refused. Further answering it denies that it was necessary to place the note sued upon in attorney's hands for collection.

There was judgment in the Trial Court in favor of plaintiff for the sum of forty-one dollars ($41.00) with 8% interest thereon from April 1, 1921 and for 10% attorney's fees on principal and interest the said judgment recognizing lessor's lien and privilege; The lessor alone has appealed from this judgment.

The evidence in this case convinces us that the roof of the main building was in a leaking condition, and that under the law as well as the terms of the contract of lease that the plaintiff was obligated to repair the same. We do not consider from the evidence before us that this obligation devolved upon the lessor in respect to the shed or out-building of the rented premises.

The lessee's disbursement of $225.00 was for an entire new roof on both the main and out-building on the premises, and was incurred without notice of the proposed disbursement, without any bids being called for, and only a month and a half after notification to the lessor that premises were in leaking condition. The right given the lessee under the Civil Code to make such repairs are predicated only upon putting the lessor in proper default. There are two questions to be determined in this case. First, whether the lessor was put in proper default, and secondly whether the repairs made by the lessor was such as could be considered necessary and reasonable under the circumstances of the case.

The roof of the main building was put in repair under a two year guarantee, about one year before the lease in question arose and it appears that frequent leaks in the roof occurred before the lease in September and after the lessee had taken possession in October. In every instance however, the lessor, when notified of these leaks gave the matter his prompt attention, but upon further trouble with the roof it appears that the lessee wrote a letter on November 6, 1920, to lessor notifying him that the roof was in bad condition and that the leaks had not been remedied, because former repairs on said roof had practically been of no benefit, and finally advising lessor that unless he took immediate steps to repair the roof extensively, that the work would be done by lessee, and the price thereof deducted from the rent. The letter stated that this written notice

was to apply to the out-building also. On the same day, lessor replied to the effect that his architect and contractor had advised him that the roof was at that time free of all leaks, that in any event he would not agree to repair outer building or shed, and that he had never made any agreement with lessee to repair the roof o the shed, but that if the roof of the main building should show any tendency to leak he, lessor, would immediately, upon lessee's advice, have the matter corrected.

From date of this correspondence no further requests were made upon the lessor nor did the lessee in any manner question the contents of lessor's letter of November 6th. The record shows that on November 13, 1920 the lessee' attorney wrote lessee the following advice found in the record on the back of lessor's letter of November 6, 1920, and reading as follows.-

11/13/20

"Mr. Leovy.
Have y r man make an investigation of repairs necessary. Get a reliable party and have him give you written report--price also-- inform him you will him as witness if necessary-- Then proceed to have work done--Pay no further attention to Mr. Hellman--Keep this letter as acknowledgment that he is in default.

E. V. Provensal,"

We are of the opinion that the lessor was not put in legal or proper default concerning the leaks in the roof, nor does any of the evidence in this case impress us with the fact that the lessor was in any manner negligent in having or attempting to have the bad condition of the roof thoroughly rectified. We are also of the opinion that the lessee was not justified in having entire new roof placed upon the main and the out-building, particularly, was he not justified in incurring this expense without first notifying th lessor as to the nature of the proposed roof, the extent of the repairs and the contract price thereof, after proper bids duly submitted. In other words all the circumstances of this case impelled the lessee to deal fairly with the lessor and in such manner as it would have expected lessor to deal with him. it.

The testimony as we read it in this case, impresses us with the fact that the contract price under which the lessee renewed the roof on the building is excessive. The contractor who did the work testified that the roof on the main building approximates twenty-five squares in measurement, and that the slate surfaced rolled roofing material used by him cost about $185.00 for the main roof, or $7.40 per square. No other bids were received and lessee allowed roof to his own price. There was no evidence offered by lessee to show that this price was customary or reasonable, but the uncontradicted testimony of lessor's contractor--a man of 42 years experience in the roofing business--*testifies* that he had just, prior to the trial of this case, completed a similar roofing job in this city, at cost of about $3.00 per square. We think therefore that the lessee should not be credited with more than $75.00 for the work done on the main building, especially as we are impressed with the evidence going to establish *that* only repair work, rather than entire new work, should have been done.

The rent due by lessee for the month of January 1921 in the sum of $75.00 should be rightly and justly off-set by the amount now recognized by us for repairs to the roof, to wit: $75.00.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and the same hereby is amended so as to increase said judgment in favor of plaintiff and against defendant for the sum of forty-one Dollars ($41.00) to the sum of One Hundred and Fifty Dollars ($150.00), with eight per cent (8%) interest per annum on Seventy-five ($75.00) Dollars from March 1st, 1921, and on Seventy-five ($75.00) Dollars from April 1st, 1921, and ten per cent (10%) of said principal and interest as attorney's fees, and with recognition of restitution of lessor's lien and privilege upon all the movable effects contained in said leased premises, and for costs in both courts.

JUDGMENT AMENDED AND AFFIRMED.

January 22, 1923.